IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-1253-DWD |
| ) | |
| DAVE TYRIQUE, ) | |
| ALL SECOND SHIFT, ) | |
| ALL MORNING STA'S OF A-3, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On June 16, 2025, this case was transferred from the Central District of Illinois to the Southern District of Illinois, and on June 18, 2025, the Court informed Plaintiff of his responsibility to pay a filing fee (or to apply to proceed in forma pauperis). (Docket entry 7). On June 26, 2025, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis because his prison trust fund statements revealed that he had $4,364.99 in his account. (Doc. 9). With the denial, the Court informed Plaintiff that he was required to pay the $405 filing fee by July 28, 2025, or his case would be dismissed. (Doc. 9).

On June 30, 2025, the Court received an additional prison trust fund statement (Doc. 10), which reflected the same balance of more than $4,000. Plaintiff also filed a motion for an emergency transfer away from Chester Mental Health Center (Doc. 11), but he made no mention of the fee and did not discuss any of the defendants named in his complaint. On August 7, 2025, Plaintiff sent a letter (Doc. 16), and on August 22, 2025,

Plaintiff submitted a consent form (Doc. 17).  However, at no time since June 26, 2025, has Plaintiff paid his filing fee.

The Court also notes that a cursory review of the Complaint (Doc. 1), Motion (Doc. 11), and letter (Doc. 16), reveal that Plaintiff has not pled any claims adequate to proceed beyond initial review.  In the Complaint, Plaintiff complains about his placement at Chester Mental Health Center and discusses several conditions he is experiencing there, but he does not attribute any of his assertions to the named defendants.  Simply naming a defendant without discussing their personal role is insufficient to state a claim.  *Black v. Lane*, 22 F.3d 1395, 1401 at n.8 (7th Cir. 1994).  Given that there is no sufficient complaint, there is also no basis to grant any requested injunctive relief.

Plaintiff was given until July 28, 2025, to pay the fee and he was warned that if he failed pay his case would be dismissed.  (Doc. 9); *see also* Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action for failure to prosecute if a party does not provide a timely response to a court order).  Based on Plaintiff's failure to pay the filing fee, this case is now **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: September 25, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge